**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Clayton Edwin Duryea, II, ) | No. CV-12-0748-PHX-LOA |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Social Security Administration, ) | |
| Defendant. ) | |

This case arises on the Court's review of *pro se* Plaintiff's Complaint, filed on April 9, 2012. (Doc. 1) Plaintiff does not make clear the issue or issues he is appealing to the District Court of Arizona in this Social Security case. Plaintiff can not appeal simply because he lost at the Commissioner level and expect to prevail in the District Court without clearly setting forth valid reason(s) why the Administrative Law Judge's ("ALJ") or Appeals Council's decision was erroneous.

In cases wherein a plaintiff is proceeding *in forma pauperis*, a district court is required to screen cases and must dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). It appears screening IFP cases seeking judicial review of Social Security rulings is also required by § 1915(e)(2). *Rhett v. New Jersey State Superior Court*, 260 Fed.Appx. 513 (3rd Cir. 2008); *Wheeler v. Social Sec.*

1 *Admin.*, 2010 WL 3784891 (E.D.Cal. Sept. 24, 2010); *Robinson v. Social Sec. Admin.*, 2010
2 WL 2772626 (E.D.Wis. July 13, 2010).

3      Title 42 U.S.C. § 405(g) is the federal statute governing judicial review of any
4 final decision of the Commissioner of Social Security. 42 U.S.C. § 405(g); *Schweiker v.*
5 *Chilicky*, 487 U.S. 412, 424 (1988). "The Commissioner's denial of disability benefits may
6 be set aside only when the ALJ's findings are based on legal error or not supported by
7 substantial evidence in the record. If the evidence can support either outcome, the
8 Commissioner's decision must be upheld." *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th
9 Cir. 2003) (citation omitted); *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (*per*
10 *curiam*); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

11      The sole function of this court is to determine whether the decision of the
12 Commissioner is supported by substantial evidence and whether proper legal standards were
13 applied. *Clark v. Apfel*, 98 F.Supp.2d 1182 (D.Or. 2000); *Bloodsworth v. Heckler*, 703 F.2d
14 1233, 1239 (11th Cir. 1983). Substantial evidence means more than a mere scintilla, but less
15 than a preponderance; it is "such relevant evidence as a reasonable mind might accept as
16 adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)
17 (citations omitted); *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The ALJ is
18 responsible for resolving conflicts, determining credibility, and resolving ambiguities.
19 *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If sufficient evidence supports the
20 ALJ's determination, a district court cannot substitute its own determination. *Young v.*
21 *Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990). A district court must uphold the Commissioner's
22 determination that plaintiff is not disabled if the Commissioner applied the proper legal
23 standard and there is substantial evidence in the record as a whole to support the decision.
24 *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986).

25      A plaintiff's petition or complaint must be a "short plain statement of facts,"
26 Fed. R. Civ. P, 8(a), that lays out the legal errors made by the ALJ as well as any decisions
27 made by the ALJ without the support of substantial evidence. With that should come an
28

1  identification of a specific harm for which relief is requested. 42 U.S.C. § 423(a)(1)(E)
2  (explaining that a person must be under a disability to obtain benefits).
3      The Court advises Plaintiff that although a *pro se*'s pleadings may be held to
4  a less stringent standard than those prepared by attorneys, *Rand v. Rowland*, 154 F.3d 952,
5  957 (9th Cir. 1998) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)), but *pro se*
6  litigants must "abide by the rules of the court in which he litigates." *Carter v. Commissioner*
7  *of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986). Moreover, *pro se* litigants "must
8  meet certain minimal standards of pleading." *Holsey v Collins*, 90 F.R.D. 122, 128 (D.
9  Maryland, 1981) (citing *Arey v Harris*, No. 74-2360 (4th Cir. 1975) and stating that *pro se*
10  litigants "must adhere to the rudimentary dictates of civil procedure.").
11      Even though this Court recognizes the significant challenges a non-lawyer,
12  *pro se* litigant may have in representing himself, the United States Supreme Court has made
13  clear that federal "judges have no obligation to act as counsel or paralegal to pro se litigants"
14  because requiring trial judges to explain the details of federal procedure or act as the pro se's
15  counsel "would undermine district judges' [or magistrate judges'] role as impartial
16  decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 124 S.Ct 2441, 2446 (2004).
17      The Court finds that Plaintiff's Complaint fails to state a claim that entitles him to the
18  relief that he seeks because it simply fails to provide how the ALJ erred and the reasoning
19  that, if proven, would entitle him to relief in this District Court. The Court will not dismiss
20  this action at this time but will order Plaintiff to amend his Complaint to specify a claim for
21  relief based on alleged legal error made by the ALJ, in accordance with Fed. R. Civ. P. 8(a).
22  *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550
23  U.S. 544 (2007). Plaintiff is warned that if he fails to comply with this order his case will
24  be dismissed without prejudice.
25      Accordingly,
26      **IT IS ORDERED** that on or before **Friday, May 4, 2012,** Plaintiff shall file an
27  Amended Complaint, setting forth the alleged legal error made by the ALJ and the reasoning
28  for such legal or factual error in accordance with Fed. R. Civ. P. 8(a).

**IT IS FURTHER ORDERED** that counsel and any party, if unrepresented, shall hereinafter comply with the Rules of Practice for the United States District Court for the District of Arizona, especially LRCiv 16.1 dealing with procedure in Social Security cases. The District's Rules of Practice may be found on the District Court's internet web page at www.azd.uscourts.gov/.

DATED this 19th day of April, 2012.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge