**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Clayton Edwin Duryea, II,                    )
                                             )
              Plaintiff,                     )          No. CV-12-748-PHX-LOA
                                             )
vs.                                          )          **ORDER**
                                             )
Social Security Administration,              )
                                             )
              Defendant.                     )
_____)

     *Pro se* Plaintiff commenced this lawsuit on April 9, 2012. (Doc. 1)  On the same day, the case was randomly assigned to Magistrate Judge Lawrence O. Anderson. (Doc. 3)  On April 19, 2012, Judge Anderson issued an order that on or before Friday, May 4, 2012, Plaintiff must file an amended complaint, setting forth the alleged error made by the Administrative Law Judge ("ALJ")  or why the ALJ's decision is not supported by substantial evidence in the record as required by Fed.R.Civ.P. 8(a) and 42 U.S.C. § 405(g). (Doc. 4)  Further, on April 19, 2012, Judge Anderson issued a Notice of Assignment and Order, directing Plaintiff to either voluntarily consent to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1) or elect to proceed before a United States district judge on or before April 27, 2012. (Doc. 5)

     In cases wherein a plaintiff, as here, is proceeding *in forma pauperis*, a district court is required to screen cases and must dismiss the case at any time if the court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). (Doc. 2)

1    Screening IFP cases seeking judicial review of Social Security rulings is also required by

2    § 1915(e)(2). *Rhett v. New Jersey State Superior Court*, 260 Fed.Appx. 513 (3rd Cir.

3    2008); *Wheeler v. Social Sec. Admin.*, 2010 WL 3784891 (E.D.Cal. Sept. 24, 2010);

4    *Robinson v. Social Sec. Admin.*, 2010 WL 2772626 (E.D.Wis. July 13, 2010); .

5         Title  42 U.S.C. § 405(g) is the federal statute governing judicial review of any

6    final decision of the Commissioner of Social Security. 42 U.S.C. § 405(g) ("[T]he

7    findings of the Commissioner of Social Security as to any fact, if supported by substantial

8    evidence, shall be conclusive, . . . ."); *Schweiker v. Chilicky*, 487 U.S. 412, 424 (1988).

9    Section 405(g) is the sole jurisdictional basis for judicial review of any claim arising

10   under the Social Security Act. 42 U.S.C. § 405(h). "The Commissioner's denial of

11   disability benefits may be set aside only when the ALJ's findings are based on legal error

12   or not supported by substantial evidence in the record. If the evidence can support either

13   outcome, the Commissioner's decision must be upheld." *Benton v. Barnhart*, 331 F.3d

14   1030, 1035 (9th Cir. 2003) (citation omitted);  *Sandgathe v. Chater*, 108 F.3d 978, 980

15   (9th Cir. 1997) (*per curiam*); *Smolen v. Chater*, 80 F.3d 1273, 1279  (9th Cir. 1996).

16        The sole function of a district court is to determine whether the decision of the

17   Commissioner is supported by substantial evidence and whether proper legal standards

18   were applied. *Clark v. Apfel*, 98 F.Supp.2d 1182 (D.Or. 2000); *Bloodsworth v. Heckler*,

19   703 F.2d 1233, 1239 (11th Cir. 1983).  Substantial evidence means more than a mere

20   scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind

21   might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389,

22   401 (1971) (citations omitted); *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The

23   ALJ is responsible for resolving conflicts, determining credibility, and resolving

24   ambiguities. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  If sufficient

25   evidence supports an ALJ's determination, a district court cannot substitute its own

26   determination. *Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990). A district court must

27   uphold the Commissioner's determination that a plaintiff is not disabled if the Commis-

28   sioner applied the proper legal standard and there is substantial evidence in the record as a

whole to support the decision. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986).

On May 8, 2012, Judge Anderson issued an Order to Show Cause due to Plaintiff's failure to comply with Judge Anderson's April 19, 2012 orders to either voluntarily consent to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1) or elect to proceed before a United States district judge and to file an amended complaint. (Doc. 7) Plaintiff was ordered to show cause in writing on or before May 16, 2012 why this case should not be dismissed without prejudice, or why sanctions should not be imposed for his failure to comply with court orders.

In his May 8, 2012 Order to Show Cause, doc. 7, Judge Anderson forewarned Plaintiff that, pursuant to Rule 41(b), Fed. R. Civ. P., and *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), trial courts have the inherent power to control their dockets and, in the exercise of that power, may impose sanctions including, where appropriate, dismissal of a case with or without prejudice. *See also*, *Flaksa v. Little River Marine Constr. Co.*, 389 F.2d 885, 887, 887 (5th Cir. 1968) (cases omitted); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) (district court may "fashion appropriate sanction for conduct" including "outright dismissal."). "The threat of sanctions promotes com-pliance with a court's orders even if the sanctions threatened are never imposed." *Green v. Lisa Frank, Inc.*, 221 Ariz. 138, 152, 211 P.3d 16, 30 (Az.Ct.App. 2009) (concluding the trial court did not abuse its discretion in striking plaintiff's reply, dismissing his cross-claim, and entering judgment in favor of defendant) (citing federal and state cases of dismissals for a party's failure to comply with court orders).

A district court's inherent authority to sanction parties for failing to comply with its orders exists, in part, to prevent "disobedience [of] the orders of the Judiciary, regard-less of whether such disobedience interfered with the conduct of trial." *Chambers*, 501 U.S. at 44 (quoting *Young v. United States ex rel. Vuitton et Fils, S.A.*, 481 U.S. 787, 798 (1987) (internal quotation marks omitted). "Dismissal of the complaint for failure to comply with the rules [is] within the court's discretion." *Sergio Bautista et al. v. Los Angeles County*, 216 F.3rd 837, 841 (9th Cir. 2000) (citing *Original Ballet Russe, Ltd. v.*

1    *Ballet Theatre, Inc.*, 133 F.2d 187, 188 (2nd Cir. 1943)); *Anheuser-Busch, Inc. v. Natural*

2    *Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995) (The public interest "in expeditious

3    resolution of litigation," a court's need to manage its docket, the risk of prejudice to an

4    adverse party for the failure to comply with court orders, the public policy favoring

5    disposition on the merits, the availability of lesser sanctions, the bad faith of a non-

6    compliant party, and the relationship between improper conduct and the case's merits

7    warrant the consideration of sanctions); *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d

8    863, 868 (3d Cir. 1984).

9          The Civil Justice Reform Act of 1990 ("CJRA"), 28 U.S.C. § 471 *et seq.*,

10   mandates the early and on-going judicial management of the pretrial process. Under the

11   CJRA mandate, "[f]ederal trial courts are now required, by statute, to implement tech-

12   niques and strategies designed to dispose of cases in an efficient and inexpensive

13   manner." *Schwarzkopf Technologies Corp. v. Ingersoll Cutting Tool Co.*, 142 F.R.D.

14   420, 423 (D. Del. 1992). Additionally, federal judges "are subject to the injunction of

15   Rule 1 [Federal Rules of Civil Procedure] that [the Rules] 'be construed to secure the just,

16   *speedy* and *inexpensive* determination of every action.'" *Herbert v. Lando*, 441 U.S. 153,

17   177, (1979) (emphasis in original).

18         On May 14, 2012, Plaintiff filed an Amended Complaint, doc. 8,  which still fails

19   to identify Plaintiff's claim of the legal error made by the ALJ and the explanation for

20   such error, contrary to Fed.R.Civ.P. 8(a)(2) ("A pleading that states a claim for relief

21   must contain . . . a short and plain statement of the claim showing that the pleader is

22   entitled to relief; . . . ."). *See Hinton v. Social Sec. Admin.*, 2011 WL 3489663, * 1

23   (D.Ariz. August 9, 2011); *Pizarro v. Social Sec. Admin.*, 2008 WL 220320, * 1 (E.D.Cal.

24   January 25, 2008). Plaintiff's allegation that "[t]he reason I'm taking Social Security to

25   court is for the large amount of Back Pay that is owed to me" fails to state a claim or give

26   the Commissioner fair notice of the alleged error the ALJ committed.

27         To date, Plaintiff has failed to comply with the Court's May 19, 2012 Notice of

28   Assignment and Order, doc. 5, and the Court's Order to Show Cause, doc. 7,  with respect

1    to Plaintiff's failure to comply with the Court's Notice of Assignment and Order.

2    Plaintiff's failures to timely comply with Judge Anderson's April 19 and May 8, 2012

3    orders are frustrating the speedy and inexpensive resolution of this case.

4            In determining whether to dismiss a case for failure to comply with court orders,

5    district courts weigh five factors: (1) the public interest; (2) the court's need to manage

6    the docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring

7    disposition of cases on their merits; and (5) the availability of less drastic alternatives.

8    *Ferdik*, 963 F.2d at 1260-61. Plaintiff's failures to comply with court orders are

9    frustrating the Court's responsibilities mandated by Rule 1, FED.R.CIV.P., and the

10   Civil Justice Reform Act of 1990, 28 U.S.C. § 471 *et seq.* Plaintiff's *pro se* status does

11   not discharge his obligation to "abide by the rules of the court in which [they] litigate[]."

12   *Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986).

13          After considering Plaintiff's amended complaint fails to state a claim upon which

14   relief may be granted, the adequacy of lesser sanctions, that Plaintiff has been forewarned

15   that sanctions may be imposed, and weighing all five *Ferdik* factors to determine if

16   dismissal is appropriate due to Plaintiff's failure to comply with prior court orders, the

17   Court concludes that dismissal of Plaintiff's amended complaint without prejudice is

18   appropriate and just under the circumstances of this case.

19          Pursuant to General Order 11-3 (Dismissal of a Civil Case Assigned to a United

20   States Magistrate Judge Absent Voluntary Consent by the Parties Under 28 U.S.C. §

21   636(c)(1)),

22          **IT IS ORDERED** that Plaintiff's amended complaint, doc. 8, is **DISMISSED**

23   without prejudice.  The Clerk is kindly directed to terminate this case.

24          DATED this 4th day of June, 2012.

25

26   _____

27                   Stephen M. McNamee
                   Senior United States District Judge

28